UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES and HELP OUR WOLVES LIVE,<br><br>          Plaintiffs,<br><br>     v.<br><br>GENE MERRIAM, as Commissioner of the Minnesota Department of Natural Resources, and DAVE SCHAD, as Director of the Division of Fish and Wildlife of the Minnesota Department of Natural Resources,<br><br>          Defendants,<br><br>MINNESOTA TRAPPERS ASSOCIATION, U.S. SPORTSMEN'S ALLIANCE FOUNDATION, FUR TAKERS OF AMERICA, NATIONAL TRAPPERS ASSOCIATION, TODD ROGGENKAMP, and CORY VAN DRIEL,<br><br>          Intervenor Defendants. | Civil No. 06-2922 (PJS/RLE)<br><br><br><br><br>MEMORANDUM OPINION AND ORDER OF DISMISSAL |

    Jonathan R. Lovvorn and Rebecca G. Judd, THE HUMANE SOCIETY OF THE UNITED STATES; Mandi L. Hill and Richard A. Duncan, FAEGRE & BENSON, LLP, for plaintiffs.

    David P. Iverson and Nathan J. Hartshorn, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants.

    Barbara A. Miller and Laurence J. Lasoff, KELLEY DRYE & WARREN LLP; Gary R. Leistico, RINKE NOONAN; James H. Lister and William P. Horn, BIRCH, HORTON, BITTNER & CHEROT, for intervenor defendants.

    Plaintiffs The Humane Society of the United States and Help Our Wolves Live filed this action on July 5, 2006, seeking declaratory and injunctive relief against defendants Gene Merriam and Dave Schad in their capacity as officials of the Minnesota Department of Natural Resources (collectively "the state defendants"). Plaintiffs allege that ongoing violations of the

Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq., have resulted from the state defendants' authorization of trapping and snaring activities that, according to plaintiffs, have caused the illegal take of the Canada lynx, which is listed under the ESA as a threatened species. On July 25, 2006, the state defendants filed their Answer, denying that their actions have caused the illegal take of Canada lynx and denying that they have violated the ESA.

Plaintiffs and the state defendants now wish to dismiss this case on agreed-upon conditions. On January 12, 2007, they filed a Joint Stipulation and Order of Dismissal [Docket No. 44] that reflected the agreement between plaintiffs and the state defendants. Such a stipulation will operate to dismiss a case under Rule 41(a)(1) of the Federal Rules of Civil Procedure only if the stipulation is "signed by all parties who have appeared in the action."

In this case, the January 12 stipulation was not signed by the intervenor defendants, who filed a response to the stipulation on January 16, 2007 [Docket No. 45]. In that response, the intervenor defendants stated that while they "consent to dismissal of this action without prejudice," that consent is "based on the definition in the proposed Order of Dismissal" and on "representations" made by plaintiffs' counsel and counsel for the state defendants. Further, the intervenor defendants stated that their response "should not be construed as any implied joinder in those documents or acceptance of the settlement terms they set forth."

In light of the conditional and equivocal nature of the intervenor defendants' consent to the Joint Stipulation and Order of Dismissal and their failure to sign that document, this case cannot be dismissed under Rule 41(a)(1). Plaintiffs and the state defendants have, however, subsequently moved for dismissal pursuant to Rule 41(a)(2) [Docket No. 47]. In their response to that motion [Docket No. 52], the intervenor defendants simply reiterate the statements that they made in response to the January 12 Joint Stipulation and Order of Dismissal.

Motions under Rule 41(a)(2) for dismissal without prejudice are addressed to the sound discretion of the district court. *Witzman v. Gross*, 148 F.3d 988, 991 (8th Cir. 1998). In general, voluntary dismissals under Rule 41(a)(2) are properly granted where the party opposing dismissal cannot demonstrate any legal prejudice (other than the possibility of a second lawsuit) resulting from the dismissal. *See New Mexico* ex rel. *Energy & Minerals Dep't v. U.S. Dep't of the Interior*, 820 F.2d 441, 443 (D.C. Cir. 1987); *Hoffman v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979) (per curiam); *Stoebner v. Fed. Trade Comm'n*, No. 3:94-cv-511, 1997 U.S. Dist. LEXIS 4639, at *6-*7 (D. Minn. Apr. 7, 1997).

Here, plaintiffs' complaint includes no claims against the intervenor defendants, and the intervenor defendants have not asserted any counterclaims. The Court can thus discern no prejudice that the intervenor defendants would suffer if the court dismissed this action in accordance with the terms to which plaintiffs and the state defendants have agreed. The intervenor defendants have not even hinted at how they might be prejudiced by such a dismissal. Instead, the intervenor defendants apparently want the Court to explain how the intervenor defendants might be affected in the future by the terms of a dismissal order that plaintiffs and the state defendants have agreed to and that does not name the intervenor defendants. But even if the Court were inclined to resolve hypothetical disputes that might arise in the future over the terms of a proposed dismissal order, it is not clear that the Court would have the authority to do so under Article III of the United States Constitution.

Plaintiffs and the state defendants, without conceding the correctness of the legal positions taken by each other and in consideration of the terms and conditions outlined below, have agreed to entry of this Order of Dismissal pursuant to Federal Rule of Civil Procedure

41(a)(2).  The Court agrees that dismissal in accordance with these terms and conditions is appropriate under Rule 41(a)(2).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The state defendants must file an incidental-take permit ("permit") application with the U.S. Fish and Wildlife Service ("Service"), pursuant to section 10 of the ESA, 16 U.S.C. § 1539, concerning the state defendants' trapping program as it relates to the take of Canada lynx.

2. The state defendants must request that the Service complete the application process and issue a final permit decision as soon as possible.

3. On the same date that the state defendants submit their completed permit application package to the Service, the state defendants must also send to plaintiffs, by overnight mail, courtesy copies of the permit application form, the proposed habitat-conservation plan, the draft National Environmental Policy Act analysis, the Implementing Agreement, and any other supporting materials.

4. Plaintiffs and the state defendants have agreed to settle all of plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation, through and including this Order, for a total of twenty-five thousand dollars ($25,000).  State Defendant Minnesota Department of Natural Resources will provide a check made payable in that amount to The Humane Society of the United States, 2100 L Street, NW, Washington, DC 20037.  Plaintiffs have agreed to accept this payment in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which plaintiffs are entitled in the above-captioned litigation, through and including the date of

-5-

this Order.  Plaintiffs have agreed that receipt of this payment from the state defendants shall operate as a release of plaintiffs' claims for attorneys' fees and costs in this matter up to and including the date of this Order.

5.     Plaintiffs and the state defendants have agreed that plaintiff The Humane Society of the United States will contribute a grant in the amount of twelve thousand five hundred dollars ($12,500) to the Minnesota Nongame Wildlife Fund as described in Minnesota Statutes § 290.431 (2004) to be used for Canada lynx conservation efforts undertaken or otherwise supported by Minnesota Department of Natural Resources, including programs for habitat improvement, acquisition, and management.

6.     Nothing in this Order of Dismissal will be construed as an admission or concession of liability on the part of either plaintiffs or the state defendants.

LET JUDGMENT BE ENTERED AS FOLLOWS:

7.     Plaintiffs' Complaint [Docket No. 1] is hereby DISMISSED without prejudice.


Dated: February  1 , 2007               s/Patrick J. Schiltz
                                        Patrick J. Schiltz
                                        United States District Judge